UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA J. RYAN,<br><br>   Plaintiff,<br><br>   v.<br><br>CARLOS FUENTES, *et al.*,<br><br>   Defendants. | Case No.  2:25-cv-0925-DJC-JDP (PS)<br><br>ORDER |

Plaintiff Natasha Ryan has filed a complaint against Judge Alan Cassidy; mediator Morgan Kramer; defense attorney Carlos Fuentes; the father of plaintiff's children, Vincent Contreras III; Katherine Tynsdale, Contreras's girlfriend; several employees of the Modesto City School District and Modesto Police Department, and the Stanislaus County Community Services Agency.  At its core, plaintiff's complaint is about her losing custody of her children.  Her complaint, however, cannot proceed past screening because this court lacks jurisdiction over the issues plaintiff raises in her complaint.  I will give plaintiff a chance to amend her complaint before recommending dismissal of this case.  I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

1

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges a myriad of grievances plaintiff has with several unrelated defendants. However, the overarching theme of her complaint is her child custody arraignment. According to the complaint, plaintiff had a custody hearing at the Stanislaus Superior Court in March of this year. ECF No. 1 at 5. When she arrived at the courthouse, she learned that the hearing was occurring online. *Id.* at 12. However, when she attempted to join the hearing, she had technical difficulties and was unable to participate. *Id.* Plaintiff lost custody of her children following the hearing. *Id.*

This court does not have jurisdiction over child custody claims, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that the

domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation[';] the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Further, this court lacks subject matter jurisdiction to review final determinations of state court custody proceedings. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). To determine whether the *Rooker-Feldman* doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," the court cannot hear the de facto appeal portion of the case, and, "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state cour[t] and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

1   Plaintiff asks this court to invalidate a state court decision granting custody of her children
2   to her children's father, defendant Contreras—a type of review that *Rooker-Feldman* squarely
3   prohibits. *See In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000). A request to vacate a family
4   court order is generally considered a de facto appeal and barred by *Rooker-Feldman*. *See Moore*
5   *v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013); *Riley v. Knowles*, No. 1:16-CV-0057-
6   JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Plaintiff's action constitutes a "forbidden
7   de facto appeal," and the court lacks subject matter jurisdiction. *See Davis v. California Dep't of*
8   *Child Servs.*, No. 2:20-cv-01393-TLN-AC (PS), 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26,
9   2020) (finding that plaintiff's civil action regarding a state court's child custody determination
10  constituted a forbidden "de facto appeal" that was barred by the *Rooker-Feldman* doctrine).

11  In addition, plaintiff's complaint names several defendants who are not adequately alleged
12  to have acted under the color of state law or who are otherwise not proper defendants. For
13  example, plaintiff names her children's father, defendant Contreras, and his girlfriend, defendant
14  Tynsdale, neither of whom were acting under the color of state law. "The traditional definition of
15  acting under color of state law requires that the defendant in a § 1983 action have exercised
16  power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed
17  with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v.*
18  *Classic*, 313 U.S. 299, 326 (1941)).

19  Defendant Judge Cassidy, defense attorney Carlos Fuentes, and mediator Kramer are also
20  not proper defendants. "[J]udges are absolutely immune from civil liability for damages for their
21  judicial acts." *Mullis v. U.S. Bankr. Crt. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir.
22  1987). Mediators enjoy the quasi-judicial immunity while acting within the scope of their
23  authority. *See Sacks v. Dietrich*, 663 F.3d 1065 (9th Cir. 2011); *Davenport v. Winley*, 314 F.
24  App'x 982 (9th Cir. 2009); *Secress v. Ullman*, 147 F. App'x 636, 638 (9th Cir. 2005) (finding
25  that the district court properly dismissed the private mediator appointed by the court because the
26  mediator enjoyed quasi-judicial immunity).

27  And criminal defense lawyers are not subject to liability under § 1983 for their handling of
28  criminal cases. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1982) (public defenders do not act

4

under color of law for purposes of § 1983 liability); *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977) (privately retained attorneys do not act under color of law for purposes of § 1983 liability).

Finally, plaintiff names several defendants that appear to have no relation to her child custody dispute. For example, plaintiff names a retired superintendent of the Modesto City School District for failing to protect her sons from emotional harm, mental stress, and possible post-traumatic stress disorder from an unknown situation. *Id.* at 8. Plaintiff also names Modesto Police Officers for failing to arrest defendant Contreras after she reported him for domestic violence. *Id.* at 10. Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff cannot bring unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits."). In other words, a plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended

complaint or (2) notice of voluntary dismissal of this action without prejudice.

    4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE