1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATASHA J. RYAN,                          Case No.  2:25-cv-0925-DJC-JDP (PS)

12              Plaintiff,

13        v.                                   ORDER

14   CARLOS FUENTES, *et al.*,

15              Defendants.

16

17

18

19        Plaintiff Natasha Ryan has filed an amended complaint against the father of her children,

20   Vincent Contreras III; David Houk, Retired Superintendent of Modest City Schools; Maria

21   Labata, S.A.R.B Director; Dorene Sandoval, QC at Del Monte; and Petra Ortiz, a teacher at

22   Robertson Elementary School.  Plaintiff has amended her complaint to bring claims on behalf of

23   her four children.  The amended complaint fails to remedy the deficiencies of the prior screening

24   order.  However, considering plaintiff's pro se status, I will give plaintiff one final chance to

25   amend her complaint before recommending that this case be dismissed.

26                        **Screening and Pleading Requirements**

27        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

28

1

1    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

2    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

3    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

4    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

5    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

6    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024,

7    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

8    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

9    n.2 (9th Cir. 2006) (en banc) (citations omitted).

10          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

13   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

15   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

16   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                                              **Analysis**

18          Plaintiff alleges that from 2020 to January 2025, she suffered physical and emotional

19   abuse at the hands of defendant Contreras, his mother, and defendant Sandoval.  ECF No. 4 at 10.

20   In 2021, plaintiff filed for custody of her children and for a restraining order against Contreras.

21   *Id.*  The remainder of plaintiff's allegations, which come near the end of the complaint, address

22   her children's treatment in school, both by their teachers and school supervisors.  *Id.* at 62-68.

23   The amended complaint purports to bring claims under the Fourth, Eighth, and Fourteenth

24   Amendments, 18 U.S.C. § 226, and the Domestic Violence Prevention Act.  *Id.* at 5.  The

25   amended complaint, however, suffers from several deficiencies and cannot proceed past

26   screening.

27          First, the allegations are too vague and conclusory to provide any defendant with adequate

28   notice of the factual basis for each of plaintiff's claims.  Although plaintiff generally claims that

her rights were violated, she does not provide any specific factual allegations supporting that claim.  The complaint contains no allegations supporting her contention that defendants violated her rights; indeed, the complaint contains virtually no allegations concerning defendant. Although pro se pleadings are liberally construed, plaintiff must still identify each of defendant's actions that support her claims.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").  The complaint does not put defendants on notice of the specific claims against them, as Rule 8 requires.

Second, plaintiff, proceeding pro se, has added her four children as plaintiffs.  Pro se litigants cannot assert claims on behalf of others.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from pursuing claims on behalf of others in a representative capacity"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent may not bring suit on behalf of a minor child without first retaining an attorney).

Third, the amended complaint continues to name several defendants who are not adequately alleged to have acted under the color of state law, and the claims against them appear to be unrelated.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  And, under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits.").  In other words, a plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

Finally, plaintiff cannot bring a claim under 18 U.S.C. § 226.  Federal criminal statutes, like the one cited, generally do not provide private rights of action.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that there is no private right of action under 18 U.S.C. § 241).  Moreover, the complaint is devoid of factual allegations related to bribery affecting port

3

1  security.  *See* 18 U.S.C. § 226.

2          I will allow plaintiff a final chance to amend her complaint before recommending that this

3  action be dismissed.  Plaintiff should take care to add specific factual allegations against each

4  defendant.  If plaintiff decides to file an amended complaint, the amended complaint will

5  supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)

6  (en banc).  This means that the amended complaint will need to be complete on its face without

7  reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is

8  filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in

9  the original, plaintiff will need to assert each claim and allege each defendant's involvement in

10  sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and

11  refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will

12  recommend that this action be dismissed.

13          Accordingly, it is hereby ORDERED that:

14          1.  Plaintiff's first amended complaint, ECF No. 4, is DISMISSED with leave to amend.

15          2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

16  complaint or (2) notice of voluntary dismissal of this action without prejudice.

17          3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

18  result in the imposition of sanctions, including a recommendation that this action be dismissed

19  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

20          4.  The Clerk of Court shall send plaintiff a complaint form with this order.

21

22  IT IS SO ORDERED.

23

24  Dated:   May 29, 2025

25                                                       JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE
26

27

28

4