UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA J. RYAN, | Case No.  2:25-cv-0925-DJC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VINCENT CONTRERAS, III, | |
| Defendant. | |

Plaintiff, in a lengthy and poorly organized amended complaint, alleges that defendant Vincent Contreras, III violated her rights.  ECF No. 6.  The allegations do not give rise to any federal claim, and there appears to be no other basis for federal jurisdiction.  Accordingly, I recommend that this action be dismissed without leave to amend.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Analysis

Plaintiff alleges that Contreras, her former partner, retaliated against her in various ways after she reported his domestic abuse to state authorities.  ECF No. 6 at 2.  There is, however, no allegation that Contreras is a state actor, and, thus, a section 1983 action is nonviable.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Plaintiff asserts that her federal claim proceeds under the Crime Victims Act (18 U.S.C. § 3771), Restitution Law (18 U.S.C. § 2264), and Interstate Stalking and Cyberstalking (18 U.S.C. § 2261A).  ECF No. 6 at 15.  None of these give rise to a cause of action in a civil case, however.  *See Cobb v. Cnty. of Mohave*, No. CV-24-08021-PCT-MTL (JZB), 2025 U.S. Dist. LEXIS 26912, *7 (D. Ariz. Feb. 14, 2025) ("Section 3771 is the crime victim bill of rights that affords certain rights to the victims of crimes in a criminal action."); 18 U.S.C. § 2264 (does not give rise to a freestanding cause of action, instead

provides for restitution after defendant is found guilty); *Kruska v. Perverted Just. Found. Incorporated.Org*, No. CV-08-00054-PHX-SMM, 2010 U.S. Dist. LEXIS 126765, at *24 (D. Ariz. Nov. 18, 2010) ("Because there is not a private right of action or recovery under 18 U.S.C. § 2261A(2), Plaintiff's claim under this statute is dismissed with prejudice.").  Fundamentally, plaintiff appears to seek criminal liability against her former partner, and this relief is not available in a federal civil case.  Plaintiff has previously been granted two opportunities to amend her complaint, and she is no closer to alleging a viable claim.  Thus, I find it appropriate to recommend dismissal of this action without leave to amend.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is RECOMMENDED that:

1.  Plaintiff's second amended complaint, ECF No. 6, be DISMISSED without leave to amend for failure to state a cognizable claim and for want of jurisdiction.

2.  The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

IT IS SO ORDERED.

Dated:    June 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE